UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTORIST COMMERCIAL MUTUAL INSURANCE COMPANY fka AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN ANTHONY SOLTIS, MCM INSURANCE AGENCY, INC., <br><br> Defendants. | No. 2:13-cv-01647- TLN-CKD <br><br><br> **ORDER** |

This matter is before the Court pursuant to Defendant MCM Insurance Agency Incorporated's ("Defendant MCM")[1] Motion to Dismiss Count Four of the Complaint (ECF No. 8). Plaintiffs Motorist Commercial Mutual Insurance Company ("Plaintiff Motorist") and Bill Ackerman Tire Center ("Plaintiff Ackerman") oppose Defendant MCM's motion. (*See* ECF No. 14.) The Court is duly advised of the parties' arguments and after careful consideration hereby GRANTS Defendant MCM's motion.

**I.    FACTUAL BACKGROUND**

The Complaint alleges the following. Defendant MCM is an insurance brokerage firm that employed Defendant Kevin Soltis ("Defendant Soltis") as a broker. (Complaint, ECF

---

[1] MCM was erroneously sued as AHM Insurance Agency.

1

No. 2 at ¶ 4.)  In August 1984, Defendant Soltis entered into a contractual relationship with Plaintiff Motorist to act as a field representative for its insurance products.  (ECF No. 2 at ¶ 7.)  In his capacity as a field representative for Plaintiff Motorist, Defendant Soltis supplied one of his clients, Plaintiff Ackerman, with Motorist Insurance coverage on two of his tire center locations, Mt. Shasta and Weed.  (ECF No. 2 at ¶ 10–11.)  The policies provided a liability policy with a limit of $1,000,000 and an umbrella policy with an additional $3,000,000 in coverage.  (ECF No. 11.)

On or about April 20, 2006, Plaintiff Motorist's representative inspected Plaintiff Ackerman's Weed location and discovered multiple insuring risks.  (ECF No. 2 at ¶ 12.)  Based upon this inspection, Plaintiff Motorist determined that it was no longer willing to provide insurance coverage to the Weed location and subsequently discontinued coverage on November 20, 2006.  (ECF No. 2 at ¶ 12.)  Thus, after November 20, 2006, Plaintiff Motorist continued to provide insurance coverage for the Mt. Shasta location only.  (ECF No. 2 at ¶ 12.)  Defendant Soltis, "who was aware or should have been aware" that Plaintiff Motorist declined to provide insurance coverage for the Weed location, contacted Defendant MCM and requested a $1,000,000 liability policy on the Weed location.  (ECF No. 2 at ¶ 13.)  In December of 2006, a policy was eventually obtained through Colony Insurance.  (ECF No. 2 at ¶ 13.)  However, the new policy did not provide the additional $3,000,000 in umbrella/excess coverage that Plaintiff Motorist had previously supplied.  (ECF No. 2 at ¶ 14.)

On or about December 11, 2007, a motor vehicle accident took place resulting in multiple serious injuries and one fatality.  (ECF No. 2 at ¶ 16.)  The cause of the vehicle accident was determined to be the separation of a left rear wheel from an automobile which had previously been serviced at the Weed location approximately one month prior to the accident.  (ECF No. 2 at ¶ 16.)  Multiple lawsuits were filed against multiple defendants, including Plaintiff Ackerman, for severe personal injuries and one fatality.  (ECF No. 2 at ¶ 16.)  The matter was ultimately settled at mediation on behalf of Plaintiff Ackerman, with Colony Insurance paying its $1,000,000 limit, and Plaintiff Motorist contributing $2,400,000 in order to avoid exposing Plaintiff Ackerman to a personal judgment in excess of its insurance coverage limits.  (ECF No. 2 at ¶ 16.)

///

Plaintiffs Motorist and Ackerman allege that the loss was caused by Defendant Soltis's failure to acquire the necessary umbrella coverage and subsequently filed this law suit against Defendants Soltis and MCM seeking reimbursement for losses stemming from the settlement and legal fees.  In their Complaint, Plaintiffs Motorist and Ackerman assert four causes of action against Defendants Soltis and MCM: (1) equitable subrogation; (2) negligence; (3) breach of contract; and (4) breach of fiduciary duty.  (*See generally* ECF No. 2.)  Defendant MCM's motion to dismiss only concerns the fourth cause of action, breach of fiduciary duty.  Defendant MCM asserts that this cause of action fails because the Complaint fails to establish the existence of a fiduciary duty and that California law does not recognize a fiduciary duty on the part of an insurance broker or agent procuring insurance for an insured.  (Mem. Supp. Def.'s Mot. to Dismiss, ECF No. 8-1 at 4–5.)

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's

discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.   ANALYSIS

Historically, insurance agents and brokers have been held liable to insureds or applicants for insurance on a number of theories including breach of contract and professional negligence. *See Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc.,* 115 Cal. App. 4th 1145, 1153 (2004); *Saunders v. Cariss*, 224 Cal. App. 3d 905, 908–09 (1990). "The general rule is that an agent or broker who fails to procure insurance as requested will be liable for any resulting damage." *Hydro-Mill Co.*, 115 Cal. App. 4th at 1153 (internal quotations omitted). Thus, "an insurance agent will be liable to his client in tort where his intentional acts or failure to exercise reasonable care with regard to the obtaining or maintenance of insurance results in damage to the client." *Id.* (internal quotations omitted); *see also Mid-Century Ins. Co. v. Hutsel*, 10 Cal. App. 3d 1065 (1970) (finding that an insurance agent who failed to obtain insurance for a client as promised was liable up to the limits of the policy he should have procured).

In *Hydro-Mill Company*, the California Second District Court of Appeal was faced with the same question before this Court—whether an insurance broker who failed to procure the requested amount of coverage was liable for breaching a fiduciary duty. The court began its discussion by stating that it was unclear as to whether a fiduciary relationship exists between an insurance broker and an insured. *Hydro-Mill Co.*, 115 Cal. App. 4th at 1156. The court defined a fiduciary relationship as follows:

> any relation existing between parties to a transaction wherein one of the parties is ... duty bound to act with the utmost good faith for the benefit of the other party. Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent.

*Id.* 1156–1157 (quoting *In re Marriage of Varner*, 55 Cal. App. 4th 128, 141 (1997)). The court

ultimately decided that the relationship between an insurer and an insured is not necessarily a fiduciary one but that some of the duties of a fiduciary apply, such as the duty of due care. *Id.* at 1158. Furthermore, the court stated that "in respect to an independent agent, 'fiduciary duty' may refer merely to avoidance of conflict of interest, self-dealing, excessive compensation, etc.'" *Id.* (quoting Croskey et al., Cal. Practice Guide: Insurance Litigation, supra, ¶ 11:166, p. 11–34 (rev.# 1, 2003)). Moreover, in forming this conclusion the Court of Appeal recognized that the California Supreme Court had previously held that an insurer is not a fiduciary. *Id.* (citing *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142 (2001)).

> The insurer-insured relationship, however, is not a true fiduciary relationship in the same sense as the relationship between trustee and beneficiary, or attorney and client. It is, rather, a relationship often characterized by unequal bargaining power in which the insured must depend on the good faith and performance of the insurer. This characteristic has led the courts to impose special and heightened duties, but while these special duties are akin to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise because of the unique nature of the insurance contract, not because the insurer is a fiduciary.

*Vu*, 26 Cal. 4th at 1150–51 (internal quotations and citations omitted).[2] The Court of Appeal thus concluded that the plaintiff's claim resounded in professional negligence, not a breach of fiduciary duty. However, the court did not necessarily foreclose the possibility of a fiduciary relationship forming between an insurer and its insured. As such, a fiduciary relationship will not be presumed from the relationship between an insurer and its insured. This same principle applies to an insurance broker. *See Hydro-Mill Co.*, 115 Cal. App. 4th at 1158 ("If an insurer is not a fiduciary, then arguably, neither is a broker."). Therefore, a plaintiff must allege specific facts that would give rise to the formation of a fiduciary relationship.

"In order to plead a claim for breach of fiduciary duty, the claimant must allege (1) the existence of a fiduciary relationship giving rise to a fiduciary duty, (2) breach of that duty, and

---

[2] In an earlier decision, *see Eddy v. Sharp*, 199 Cal. App. 3d 858, 865 (1988), the California Supreme Court commented in dicta that "[i]f an insurance agent is the agent for several companies and selects the company with which to place the insurance or insures with one of them according to directions, the insurance agent is the agent of the insured . . . Where the agency relationship exists there is not only a fiduciary duty but an obligation to use due care." However, the Court finds the California Supreme Court's subsequent holding that an insurer is not a fiduciary for its insured, *see Vu*, 26 Cal. 4th 1142 (2001), is binding.

(3) damage proximately caused by the breach." *Migliaccio v. Midland Nat. Life Ins. Co.*, CV 06-1007 CASMANX, 2007 WL 316873, at *10 (C.D. Cal. Jan. 30, 2007) (citing *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1990)). Whether a fiduciary relationship exists is a question of fact. *Id.* (citing *Michelson v. Hamada*, 29 Cal. App. 4th 1566, 1575–1576 (1994)). In the instant case, the Complaint is devoid of facts that would support the formation of a fiduciary relationship. In fact, Plaintiff Ackerman's allegations are nearly identical to those posed in *Hydro-Mill*, where the defendant was also an insurance broker. Plaintiff Ackerman has not pled any facts that would support a divergence from that court's finding that this type of claim resounds in professional negligence. Thus, this Court joins numerous others in refusing to expand the doctrine of fiduciary duty to include insurance brokers. *See id.*; *Nor-Cal Products, Inc. v. XL Ins. Am., Inc.*, 2:12-CV-02193 JAM, 2012 WL 5425617, at *2 (E.D. Cal. Nov. 6, 2012); *Kin Wai Wu v. Mt. Hawley Ins.*, C-11-01323-DMR, 2011 WL 5104469 at *2–3 (N.D. Cal. Oct. 27, 2011); *Miniace v. Pac. Mar. Ass'n.*, C 04-03506SI, 2005 WL 2230149, at *10 (N.D. Cal. Sept. 13, 2005). Consequently, Plaintiff Ackerman's fourth cause of action against Defendants Soltis and MCM is hereby dismissed.

As to Plaintiff Motorist's fiduciary claim, Plaintiff Motorist asserts in its opposition that its fiduciary claim should survive because it is founded on the employer/employee relationship between it and Defendant Soltis, not that of an insurer and its insured. (ECF No. 14 at 1–2.) Plaintiff Motorist further contends that Defendant MCM is vicariously liable for Defendant Soltis's breach of his employee fiduciary duty. (ECF No. 14 at 4.) The Court agrees that such a relationship may create a fiduciary duty. However, the Court finds that Plaintiff Motorist has failed to allege sufficient facts to support its fiduciary claim. The Complaint is absent of facts supporting that a fiduciary relationship was formed, that Defendant Soltis then breached a duty required under the relationship, and that the damages sought were caused by that breach. *See Migliaccio*, 2007 WL 316873, at *10; *Pierce v. Lyman*, 1 Cal. App. 4th at 1101. As such, Defendant MCM's motion to dismiss Plaintiff Motorist's Fourth Cause of Action is GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Defendant MCM's Motion to Dismiss Count Four of the Complaint (ECF No. 8) is hereby GRANTED WITH LEAVE TO AMEND. Should Plaintiffs Ackerman and Motorist wish to file an amended complaint, it must be filed with this Court on or before January 10, 2014.

IT IS SO ORDERED.

Dated: December 30, 2013

Troy L. Nunley
United States District Judge