UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL ACKERMAN TIRE CENTER, INC., et al.,<br><br>              Plaintiffs,<br><br>       v.<br><br>KEVIN SOLTIS, et al.,<br><br>              Defendants. | No.  2:13-cv-1647 TLN CKD<br><br><br>ORDER |

Defendants' motion to quash came on regularly for hearing on February 19, 2014.  Collin Bogener appeared for plaintiffs.  Julie Lemmer appeared for defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

At issue in this matter is claim file number 2052191.  The file was created as a result of demands made by Ackerman's counsel in the underlying personal injury case regarding the inadequacy of the insurance coverage.  Defendants object to production of the claims file on the bases of attorney client privilege and work product doctrine.  Because the case sounds in diversity, California law governs application of the attorney client privilege.  See Cal. Evid. Code § 952.  In the insurance context, California recognizes a tripartite relationship between the insurer, the insured and counsel, with the attorney client privilege shared among all of them.  See

Bank of America, N.A. v. Superior Court of Orange County, 212 Cal. App. 4th 1076, 1090 (2013).  Under California law, the privilege covers transmission of documents, even if those documents are not otherwise protected.  "[I]t is the actual fact of the transmission which merits protection, since discovery of the transmission of specific public documents might very well reveal the transmitter's intended strategy."  Mitchell v. Superior Court, 37 Cal. 3d 591, 600 (1984).  Thus, any communications and transmittals to the claims file from defense counsel, the claims adjuster, or the insured are privileged.

      Defendants also contend the claims file is protected work product.  Application of the work product doctrine is governed by federal law.  See Fed. R. Civ. P. 26.  Generally, federal courts distinguish between liability claims files (third party claims such as a personal injury claim against the insured) and claims files for fire or property loss (first party claims relating to a contract with the insured and which involve no adversarial relationship).   The former are considered protected work product, the latter are not.  See Tayler v. Travelers Ins. Co., 183 F.R.D. 67, 70-72 (N.D. N.Y. 1998).  In this case, the claims file was created by the professional liability insurer for a third party claim made against its insured.  Disclosure of documents obtained by the insurer/defense counsel in the investigation of the claim (or the underlying personal injury case as part of its evaluation of the professional liability claim) would disclose defense counsel's strategy and are thus protected work product.  Plaintiffs have not justified invading the work product protection.

      Accordingly, IT IS HEREBY ORDERED that defendants' motion to quash (ECF No. 20) is granted.

Dated: February 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 motorists.oah